**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
Mark J. Politan, Esq.

Proposed Conflicts Counsel to the Official
Committee of Unsecured Creditors of
NPC Acquisition, Inc.

|  |  |
|---|---|
| In re:<br><br>NPC ACQUISITION, INC.,<br><br>Debtor. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HON. DONALD H. STECKROTH<br>CASE NO. 10-10702 (DHS)<br><br>Chapter 11<br><br>**APPLICATION FOR AN ORDER APPROVING THE RETENTION OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. AS CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,** *NUNC PRO TUNC* **TO JANUARY 21, 2010, PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103(b)** |

TO:   HONORABLE DONALD H. STECKROTH
      United States Bankruptcy Judge

The Application of the Official Committee of Unsecured Creditors (the "Committee") of NPC Acquisition, Inc. (the "Debtor"), for approval of its retention of Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as the Committee's conflicts counsel, *nunc pro tunc* to January 21, 2010, pursuant to 11 U.S.C. §§ 328(a) and 1103(b), respectfully states as follows:

99999/0091-6265726v2

1.	On January 12, 2010 (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). Since the Filing Date, the Debtor has remained in possession of its assets and continued in management of its business as debtor-in-possession pursuant to Section 1107 and 1108 of the Bankruptcy Code.

2.	On January 21, 2010, the Office of the United States Trustee for the District of New Jersey appointed the Committee. The Committee consists of the following members: (a) International Paper Co. (Chair), (b) Rock-Tenn Solvay Paperboard, (c) System Freight, Inc., (d) Packaging Corporation of America, and (e) Bobst Group North America.

3.	The Committee selected Lowenstein Sandler, PC ("Lowenstein") as its lead counsel, effective as of January 21, 2010.

4.	The Committee wishes to retain Cole Schotz to perform the following legal services:

(a)	serve as conflicts counsel to the Committee in matters involving or related to The CIT Group/Commercial Services, Inc.; and

(b)	perform any other legal services requested by the Committee or Lowenstein and necessary herein, subject to coordinating with Lowenstein to avoid duplication of services.

5.	The Committee has selected Cole Schotz because of the firm's considerable experience in business reorganizations and in other areas of law applicable to these Chapter 11 proceedings. The Committee believes Cole Schotz is duly qualified to represent the Committee in these proceedings, and the services of Cole Schotz are necessary and essential to the Committee's performance of its duties.

99999/0091-6265726v2

6. As evidenced by the accompanying Affidavit of Mark J. Politan, Esq. (the "Politan Affidavit"), Cole Schotz does not hold or represent any interests adverse to the Debtor, its creditors or estate in this matter.

7. The Committee is aware that Cole Schotz previously represented International Forest Products Limited. For the reasons set forth in the Politan Affidavit, the Committee does not believe that this relationship disqualifies Cole Schotz from being retained in this matter.

8. It is the Committee's understanding that Cole Schotz will be submitting detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses. The Committee also understands that Cole Schotz will be applying to the Court for authority to be paid its fees and expenses pursuant to its obligation under the Bankruptcy Code and any administrative fee orders entered in these proceedings, to which the Committee consents. Finally, the Committee understands that Cole Schotz has agreed that its compensation for services rendered and reimbursement of expenses incurred in representing the Committee as conflicts counsel in the Debtor's bankruptcy case will be subject to a cap of $20,000.

WHEREFORE, the Committee respectfully requests that the Court enter an Order approving the Committee's retention of Cole, Schotz, Meisel, Forman & Leonard, P.A. as its conflicts counsel herein, effective as of January 21, 2010, and granting such other relief as the Court deems just and appropriate under the circumstances.

                                          THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF NPC
ACQUISITION, INC.

DATED: February 5th, 2010        By: _____
                                                      Sandhya Kukkillaya, Chairperson

99999/0091-6265726v2